UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MING XIAN CHEN, <br><br> Plaintiff, <br><br> v. <br><br> PUTNAM INVESTMENT, <br><br> Defendant. | CIVIL ACTION NO. 05-11548-RCS |

**MEMORANDUM OF DEFENDANT PUTNAM, LLC D/B/A/ PUTNAM INVESTMENTS IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)**

Defendant Putnam, LLC d/b/a/ Putnam Investments ("Putnam")[1], by its counsel, submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(1), (4), (5) and (6) to dismiss the *pro se* Complaint filed by Plaintiff Ming Xian Chen ("Chen"). The Complaint must be dismissed because (1) Chen's allegations are insufficient to state any claim for discrimination; (2) there is no diversity between the parties and the amount demanded is less than the jurisdictional requisite; (3) Chen has failed to exhaust his administrative remedies regarding his putative retaliation claim; and (4) Chen has failed to serve Putnam with a copy of the Complaint, and his attempted service by certified mail is insufficient.

I.  **BACKGROUND**

Chen is a former employee of Putnam. On January 8, 2003, Chen filed a charge of discrimination against Putnam with the Massachusetts Commission Against Discrimination

---

[1] Putnam Investment is not a legal entity. However, Defendant believes that Plaintiff is referring to Putnam, LLC d/b/a Putnam Investments. Defendant is responding on behalf of Putnam, LLC.

{B0446649; 6}

("MCAD"), alleging that Putnam had discriminated against him on account of his national origin, race and sex, and had sexually harassed him during his employment, in violation of Mass. Gen. L. ch. 151B. (See Exhibit 1).[2] On August 20, 2004, the MCAD found that there was a lack of probable cause to credit Chen's allegations, and dismissed his charge. (See Exhibit 2). Chen appealed the dismissal to the full Commission. On December 2, 2004, the MCAD affirmed the dismissal. (See Exhibit 3). On April 22, 2005, the federal Equal Employment Opportunity Commission (with whom the MCAD had cross-filed the charge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 et seq. ("Title VII")), adopted the MCAD's findings and dismissed the charge on its own docket. (See Exhibit 4).

Chen filed this action on July 21, 2005. On September 14, 2005, Putnam received a Summons by certified mail. Chen did not serve Putnam with a copy of the Complaint.[3]

## II. ARGUMENT

### A. Chen's Allegations Are Too Vague To Establish Any Claim For Relief

The Complaint contains virtually nothing but one-word conclusions of "racial discrimination," "sexual harassment" and "retaliation," thereby failing not only to articulate the putative causes of action, but also to establish that there is any set of facts upon which Chen could claim relief. Fairly construed, the Complaint appears to arise out of Chen's prior employment at Putnam, and, in light of Chen's prior MCAD action, appears to allege that Putnam sexually harassed him and discriminated against him on the basis of his race. However,

---

[2] While courts deciding a motion to dismiss are generally limited to the consideration of the pleadings alone, a court may take judicial notice of public records such as decisions of administrative agencies. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Whitehead v. AM Int'l Inc., 860 F. Supp. 1280 (N.D. Ill. 1994), aff'd, No. 96-1811, 1996 U.S. App. LEXIS 26762 (7th Cir. Oct. 10, 1996) (court considered EEOC charge attached to motion to dismiss).

[3] Putnam obtained a copy of the Complaint through its attorneys.

the Complaint is devoid of <u>any</u> factual allegations that might apprise Putnam of the basis for these claims, as it neither identifies any allegedly offending individual(s) nor describes any specific actions that might constitute unlawful conduct for which Putnam could be liable. Moreover, Chen's lack of specific allegations also makes it impossible for Putnam to determine whether his claims are brought under Title VII or ch. 151B or both, whether he has exhausted his administrative remedies as to each putative claim (a requirement under both statutes[4]), and whether he has filed this action within the applicable statute of limitations.

Under both Title VII and ch. 151B, Chen is required to allege facts sufficient to establish a prima facie case of each claim asserted. While the prima facie case varies depending on the actual decision at issue, <u>Lehman v. Prudential Ins. Co. of Am.</u>, 74 F.3d 323, 328 n.4 (1st Cir. 1996); <u>Labonte v. Hutchins & Wheeler</u>, 424 Mass. 813, 821 (1997), it is always composed of facts which, if left unexplained, would support an inference of discrimination. <u>See, e.g.</u>, <u>Beal v. Bd. of Selectmen of Hingham</u>, 419 Mass. 535, 541 n.4 (1995) (finding that a plaintiff could not prove a prima facie case of disability discrimination because he was physically incapable of performing necessary employment duties); Moriearty, <u>Employment Law</u>, Mass. Prac. Vol 45 § 8.37. Chen's failure to set forth any factual allegations necessarily fails to support a cognizable claim for <u>any</u> type of discrimination.

---

[4] G.L. ch. 151B § 9 provides that a civil action under that statute may only be brought "at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing." Title VII states that a civil action may only be brought thereunder when "a charge filed with the Commission . . . is dismissed by the Commission . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." 42 U.S.C.A. § 2000e-5. The purpose of the exhaustion requirement "is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996); <u>see</u> <u>Powers v. Grinnell Corp.</u>, 915 F.2d 34, 37 (1st Cir. 1990) (addressing charge requirements under the Age Discrimination in Employment Act). "That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." <u>Lattimore</u>, 99 F.3d at 464.

A complaint may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Complaint contains no factual allegations that articulate any cognizable claim whatsoever, it must be dismissed.[5]

### B. The Complaint Does Not Manifest A Basis for Federal Jurisdiction

The Complaint on its face does not manifest a proper basis for this Court to exercise subject matter jurisdiction over this action. The Complaint alleges that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. Compl. ¶ 3. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332. Neither requirement for diversity jurisdiction exists here. Chen is a citizen of Massachusetts, and so is Putnam, as its principal place of business is in Boston, Massachusetts. See 28 U.S.C. § 1332(c)(1); Comstock v. Pfizer Retirement Annuity Plan, 524 F. Supp. 999, 1002 (D. Mass. 1981)("A corporation is a citizen of both its place of incorporation and principal place of business").[6] Further, the Complaint contains a demand for a total of $65,000 in damages, thereby falling short of the requisite dollar amount for diversity jurisdiction. Compl. ¶ 9.

The First Circuit has repeatedly held that a plaintiff must clearly indicate on the face of the pleading the grounds upon which the court may properly exercise jurisdiction. PCS 2000 LP v. Romulus Telecomms., 148 F.3d 32, 35 (1st Cir. 1998); Viquiera v. First Bank, 140 F.3d 12, 18

---

[5] Paragraph 8 of the complaint also purports to assert a claim for "[c]over up by the defendant." Quite apart from the fact that the allegation lacks any specifics that could state a claim, the putative claim on its face simply is not cognizable under any federal law.

[6] Putnam is also a Delaware limited liability company, and therefore is also a citizen of that state. See 28 U.S.C. § 1332(c)(1).

(1st Cir. 1998); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997); Brough v. United Steelworkers of Am., AFL-CIO, 437 F.2d 748, 749 (1st Cir. 1971). Although the law treats *pro se* complaints more leniently than pleadings drafted by licensed attorneys, Haines v. Kerner, 404 U.S. 519, 520 (1972), "the fact that plaintiffs have not retained legal representation does not eliminate their burden of proving the existence of a jurisdictional basis for their suit." O'Connell v. IRS, No. 02-10399, 2004 U.S. Dist. LEXIS 6424, at *6 (D. Mass. Mar. 17, 2004); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (emphasizing that the party invoking federal jurisdiction bears the burden of proving its existence). Federal jurisdiction is never presumed; see, e.g., Viquiera, 140 F.3d at 16; instead, the failure to establish a basis for federal jurisdiction is grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996) (affirming that plaintiffs must prove the existence of subject matter jurisdiction to survive dismissal) (citing Murphy, 45 F.3d at 522); Exxon Mobil Corp. v. Allapattah Serv., Inc., 125 S.Ct. 2611, 2616-18 (U.S. 2005) (a party desiring to litigate in the federal district court must prove that the court has jurisdiction over the action).

  C.  **Chen Cannot Bring A Retaliation Claim Because He Failed To Exhaust That Claim In His MCAD Charge**

Even if Chen's putative discrimination claims could survive -- which they cannot--, he is barred from bringing a civil action for retaliation because he failed to file that claim with the MCAD within the applicable limitations period. See supra note 4. Chen's MCAD charge alleges only national origin, race, color and sex discrimination, and sexual harassment. Those allegations limit the permissible claims that Chen can pursue in this action. It is well established that in employment discrimination cases "[t]he scope of subsequent court proceedings is limited by the charge filed with the administrative agency and the administrative investigation that can

reasonably be expected as a result." Mole v. Univ. of Mass., 58 Mass. App. Ct. 29, 47 (2003), superseded on other grounds, 442 Mass. 582 (2004) (former employee's retaliation claim survived a motion to dismiss because the claim was first properly brought before the MCAD); Lattimore, 99 F.3d at 464 (noting that even *pro se* complainants must file specific administrative charges describing the essential nature of the claims and identifying core facts on which the claims rest before pursuing civil remedies).

Although in cases where the employee acts *pro se* "the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt," Lattimore, 99 F.3d at 464; see, e.g., Westphal v. Waukesha Dresser/Waukesha Engine Div., 855 F. Supp. 1009, 1015 (E.D. Wis. 1994)), "[the] *pro se* status does not relieve an employee of the obligation to meet procedural requirements established by law." Lattimore, 99 F.3d at 464; citing United States v. Michaud., 925 F.2d 37, 41 (1st Cir. 1991) (finding that even *pro se* petitioners must plead specific facts to support their claims). "[T]he latitude extended in *pro se* employment discrimination cases does not allow the complainant to file general charges with the [administrative agency] . . . and then expect that this allegation will permit all [discrimination claims] in a subsequent law suit." Lattimore, 99 F.3d at 464 (quoting Tart v. Hill Behan Lumber Co., 31 F.3d 668, 673 (8th Cir. 1994) (internal citations omitted)). "Nor does it entitle the complainant to make a specific claim based on one set of facts and, later, assert an entirely different claim based on a different and unrelated set of facts." Lattimore, 99 F.3d at 464 (citing Pickney v. Am. Dist. Tel. Co., 568 F. Supp. 687, 690 (E.D. Ark. 1983) (reasoning that if new and unrelated discrimination claims are allowed to be raised at trial then the administrative processes of investigation and conciliation are rendered ineffectual)). Accordingly, because Chen did not allege retaliation before the MCAD, he is barred from doing so here.

D.   Service of The Summons Only, And By Certified Mail, Is Insufficient

This action also must be dismissed because both Chen's putative service, and the manner in which he attempted to effectuate service, are inadequate.

Fed. R. Civ. P. 4 (c)(1) prescribes that "[a] summons shall be served together with a copy of the complaint." On September 14, 2005, Chen served a summons upon Putnam, but never has served it with a copy of the Complaint. This constitutes insufficient process that requires dismissal pursuant to Fed. R. Civ. P. 12(b)(4).

In addition, Chen's purported method of serving process failed to comply with the rules, thereby also requiring dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(5). Fed. R. Civ. P. 4(h) provides that service must be made upon a domestic corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . ." The rule also allows service to be made in any manner that service could be made upon an individual pursuant to Fed. R. Civ. P. 4(e)(1), which, by incorporating Mass. R. Civ. P. 4(d)(1), includes in-hand delivery or delivery to a duly authorized agent. Here, however, Chen merely mailed the summons by certified mail to the Putnam facility in Franklin, Massachusetts where he had previously worked. This does not comport with any of the permissible methods of service set out in Rule 4. Accordingly, the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

-7-
{B0446649; 6}

## III. <u>CONCLUSION</u>

For all of the reasons set forth herein, Putnam requests that the Court dismiss this action.

PUTNAM, LLC d/b/a PUTNAM INVESTMENTS,

By its attorneys,

/s/ Ilene Robinson Sunshine
Ilene Robinson Sunshine
(BBO #423000)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
isunshine@sandw.com

Dated: October 6, 2005

-8-

{B0446649; 6}

# EXHIBIT 1

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

| | |
|---|---|
| MCAD DOCKET NUMBER: 03BEM00031<br>FILING DATE: 01/08/03 | EEOC/HUD CHARGE NUMBER: 16CA300695<br>VIOLATION DATE: 07/18/02 |

Name of Aggrieved Person or Organization:
Ming Xian Chen
4 Grove Avenue
Wilmington, MA 01887
Primary Phone: (978)320-3469 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Putnam Investments
Director of Human Resources
7 Shattuck Road
Andover, MA 01810
Primary Phone: (978)760-9716 ext. ____

No. of Employees:       25+
Work Location: Andover

Cause of Discrimination based on:
National Origin, Chinese; Sex, Sex discrimination / Sexual Harassment; Race, Color, Asian or Pacific Islander.

**The particulars are:**
I, Ming Xian Chen, the Complainant believe that I was discriminated against by Putnam Investments, on the basis of National Origin, Sex, Race, Color. This is in violation of M.G.L. 151B Section 4 Paragraph 1,16A and Title VII.

I stared working an applications consultant for Respondent in October 2000. I always performed my job well and even received a bonus for performance. In February 2002, I was assigned to a to a new team. Since then, the team leader, Mukta, has subjected me to sexual harassment and harassment and different terms and conditions of employment based on my national origin, Chinese, and race and color, Asian. On or about July 21, 2002, I went out on short term disability because of her treatment of me. I was the only Asian and only Chinese employee on my team. She treated me differently from non-Asian and non-Chinese members of my team. In May 2002, Mukta unfairly disciplined me for yelling at her when I did not yell and put me on a performance improvement plan requiring me to perform impossible tasks with impossible deadlines. I had to work overtime to try to meet the performance expectations while my co-workers were not given performance expectations that required so many additional hours. On our about July 8, 2002, I reported Mukta to Human Resources for touching me on at least three occasions. She put her arm around me, scratched my on the lower back, and stood and sat physically very close to me. Human Resources failed to discipline Mukta for her harassment of me.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_Ming Chen_
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 1/8/2003.
NOTARY PUBLIC: _Murrell Hightner_
SIGNATURE NOTARY PUBLIC: _Murrell Hightner_
MY COMMISSION EXPIRES: _10/01/04_

MCAD Docket Number 03BEM00031, Complaint

# EXHIBIT 2

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

AUG 20 2004

- DISMISSAL and NOTIFICATION of RIGHTS -

To: Ming Xian Chen
4 Grove Avenue
Wilmington, MA 01887

Case: Ming Xian Chen v. Putnam Investments
MCAD Docket Number: 03BEM00031
EEOC Number: 16CA300695
Investigator: Kristy Case

Your complaint has been dismissed for the following reasons:

[ ] The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ] Other (briefly state)

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Walter J. Sullivan Jr.
Investigating Commissioner

Date 8/20/04

MCAD Docket Number 03BEM00031, Dismissal and Notification of Rights with Appeal Rights

Page 1

Cc:

Sullivan & Worcester, LLP
Ilene Robinson Sunshine
One Post Office Square
Boston, MA 02109

AUG 20 2004

# MEMORANDUM

| | |
|---|---|
| **CASE:** | Ming Xian Chen v. Putnam Investments |
| **DOCKET:** | 03 13 00031 |
| **EEOC No:** | 16CA300695 |
| **NO. OF EMP.:** | 25+ |
| **INVESTIGATOR:** | Kristy Case |
| **RE:** | **Recommendation for Dismissal of the Complaint** |

## Issues Investigated

Whether Complainant was discriminated against on the basis of National Origin (Chinese), Race, Color (Asian), Sex discrimination (Male)/ Sexual Harassment, in violation of Massachusetts General Law 151 B, Section 4, Paragraphs 1, 16A and 4 and Title VII of the Civil Rights Act.

## Summary of Allegations

Complainant states Respondent hired him in October of 2000 as an applications consultant. In February of 2002 Complainant was assigned to a new team and new supervisor Mukta Mohindra. Complainant asserts that since this transfer his new supervisor sexually harassed him as well as harassed him based on his National Origin and Race. Complainant believes he was subjected to different terms and conditions from non-Asian, non-Chinese group members. Complainant asserts he was unfairly given a written warning for yelling at his supervisor, and put on a performance improvement plan. On July 8, 2002 Complainant reported to Human Resources his supervisor, Mukta Mohindra sexually harassing behavior that he contends happened on more than three occasions.

Respondent states that Complainant was not subjected to unequal terms and conditions employment based on his Race, Color or National Origin. Respondent further asserts that Complainant was not subjected to sexual harassment by his supervisor and when Complainant informed Human Resources of the alleged sexual harassment they took prompt remedial action. Respondent asserts in July of 2001 during his mid-year review by supervisor, Dean Newport, it was noted Complainant had performance issues. During Complainant's January 18, 2002 year-end review it was noted Complainant had difficulty with attendance and documentation and still needed to improve his work. On April 8, 2002, Complainant received a written warning because he yelled at his team members as well as put on a performance improvement plan by Mukta Mohindra and Dean Newport. On July 5, 2002, Human Resources received a complaint of sexual harassment by Complainant. On July 8, 2002, Human Resources met with Complainant to discuss these allegations. On July 15, 2002,Human Resources contacted Mukta Mohindra about these allegations and verbally warned her. Complainant was then contacted and was satisfied with the outcome. On July 24, 2002, Complainant reported to work late, left and filed for short-term disability benefits.

**Summary of Findings**

Complainant's allegations of Race, Color, and National Origin discrimination must be dismissed as lack of probable cause. Complainant provides no information that his work environment was hostile or offensive based on his protected categories. Complainant never raised the issue to his employer that any co-worker or supervisor that because of his race, color and national origin his workplace was hostile or offensive. When he contacts Human Resources his only allegation is of sexual harassment not harassment or other terms and conditions of employment based on his race, color or national origin. Complainant's allegation of having other terms and conditions of his employment lack merit because Respondent gives Complainant less work than his co-workers. In July 2001 and January 2002 Complainant was given reviews that noted performance issues. In April of 2002 Complainant was again made aware of his performance issue and placed on a performance improvement plan. Even if Complainant contends that his new supervisor Mukta Mohindra placed him on a performance improvement plan based on his protected categories, it lacks merit because he has performance issues before she is his supervisor. The warning and performance improvement plan Complainant was given are non-discriminatory and were given for legitimate business reasons.

Complainant's allegations of sexual harassment by his supervisor, Mukta Mohindra lack merit because the incidents he described are not sexual in nature. On July 8, 2002, Complainant explains to Human Resources that his supervisor patted his back, sits close to him when they review work on the computer screen, and that other people feel Mukta stands to close. These behaviors and actions are not sexually harassing behavior. On July 15, 2002, Human Resources verbally warns Mukta Mohindra and Complainant never makes further allegations, therefore Respondent knew of the allegations and took prompt remedial action. Even if Complainant contends that this behavior was sexual harassment he does not provide evidence that because of this behavior it interfered with his ability to perform his job duties. Complainant was not fulfilling his job duties before and the alleged sexual harassment.

**Conclusion**

For the foregoing reasons, it is recommended that the complaint be dismissed for **lack of probable cause.**

_____
Kristy M. Case
*Pro Se Investigator*

_____
Katherine M. Martin, Esq.
*Supervisor*

# EXHIBIT 3

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108

DEC 0 2 2004

James K Brownell, Esquire
Law Office of James K. Brownell
875 Massachusetts Avenue, Suite 31
Cambridge, MA 02139

RE: Ming Zian Chen v. Putnam Investments
MCAD DOCKET NO: 03BEM00031

Dear Parties:

On October 12, 2004 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on August 20, 2004.

Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the <u>Lack of Probable Cause</u> finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient evidence to determine that an unlawful act of discrimination has been committed.

All employment complaints where applicable, are dual filed with the U.S. Equal Employment Opportunity Commission (EEOC). Our finding will be forwarded to its Area Office, JFK Federal Building, Boston, MA 02203. The MCAD finding will be given substantial weight by the EEOC provided that such finding are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and or The Americans with disabilities Act of 1990.

Very truly yours,

Walter J. Sullivan, Jr.
Investigating Commissioner

cc: Ilene Robinson Sunshine, Esquire
Sullivan & Worcester
One Post Office Square
Boston, MA 02109

Ming Xian Chen
4 Grove Avenue
Wilmington, MA 01887

# EXHIBIT 4

EEOC Form 161 (3/98)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ming X. Chen<br>4 Grove Avenue<br>Wilmington, MA 01887 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-00695 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_(signature)_
Robert L. Sanders,
Area Office Director

APR 22 2005
(Date Mailed)

Enclosure(s)

cc: PUTNAM INVESTMENTS
7 Shattuck Road
Andover, MA 01810